1   OWEN SEITEL (SBN 137365)
2   RICHARD J. IDELL (SBN 069033)
    IDELL, BERMAN & SEITEL
3   465 California Street, Suite 300
    San Francisco, CA 94104
4   Telephone: (415) 986-2400
    Facsimile: (415) 392-9259
5   Email: oseitel@ibslaw.com
6
7   Attorneys for Defendants
8   ALS SCAN, INC., ALEX KIRN,
    APIC WORLD-WIDE, INC. and
9   STEVE EASTON

10
                    UNITED STATES DISTRICT COURT
11
                   NORTHERN DISTRICT OF CALIFORNIA
12

13

14  GLOBAL INNOVATIONS, INC., a Maryland      )   Case No.: C03-1277 JSW
    corporation, and RAMSEY LAMERSON, an       )
15  individual,                                )
                                               )   **NOTICE OF MOTION AND MOTION TO**
16              Plaintiff,                      )   **DISMISS FOR LACK OF PERSONAL**
                                               )   **JURISDICTION (F.R.C.P 12(b)(2)), OR, IN**
17      vs.                                    )   **THE ALTERNATIVE TO DISMISS**
                                               )   **PURSUANT TO THE COURT'S**
18  ALS Scan, Inc., a Maryland corporation, WAYNE )  **DISCRETION UNDER 28 U.S.C. §2201, OR,**
    KIRN, an individual, APIC WORLD-WIDE,      )   **IN THE ALTERNATIVE TO TRANSFER**
19  INC., a Florida corporation and STEVE EASTON, ) **FOR CONVENIENCE (28 U.S.C. §1404(a));**
    an individual,                             )   **MEMORANDUM OF POINTS AND**
20                                             )   **AUTHORITIES IN SUPPORT THEREOF**
                                               )
21              Defendants.                     )
                                               )   Date:   August 1, 2003
22                                             )   Time: 9:00 a.m.
                                               )   Courtroom 2, 17th Floor
23  _____)   Honorable Judge Jeffrey S. White presiding
24

25

26

27

28

i
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 1

I.     STATEMENT OF ISSUES: .......................................................................................... 1

II.    SUMMARY OF ARGUMENT: ...................................................................................... 1

III.   BACKGROUND FACTS. ............................................................................................. 2

    A.   The Parties. ............................................................................................................. 2

        1.   Defendants ALS Scan and Alex Kirn ................................................................ 2

        2.   The Plaintiffs, Ramsey Lamerson and Global Innovations, Inc. ...................... 3

    B.   The Negotiations ..................................................................................................... 4

    C.   The Instant Lawsuit (the "California Action") ....................................................... 7

    D.   The Action by ALS against Global Innovations *et al.* (the "Maryland Action") ......................... 7

IV.    ARGUMENT .................................................................................................................. 7

    A.   THE COURT SHOULD DISMISS THIS ACTION AGAINST ALS SCAN AND KIRN

        PURSUANT TO F.R.C.P § 12(B)(2). .......................................................................... 7

        1.   Plaintiff's Attempt to Assert Personal Jurisdiction Without (1) Minimum Contacts or (2)

            Fair Play And Substantial Justice, Violates Due Process ....................................... 8

            a.   General Jurisdiction ........................................................................................ 8

            b.   Specific Jurisdiction ....................................................................................... 8

        2.   Plaintiff's Attempt at Personal Jurisdiction Over Kirn Via the Alter Ego Doctrine Should Be

            Disregarded ........................................................................................................ 10

    B.   This Court Should Decline To Entertain This Suit By Deferring To The Maryland Court

        Even Though This Declaratory Relief Action Was Filed First. ............................ 11

        1.   This Action is an Improper "Anticipatory" Lawsuit. ......................................... 11

        2.   Allowing this action to proceed serves no useful purpose. ............................... 12

    C.   THE COURT SHOULD TRANSFER THIS MATTER TO THE MARYLAND DISTRICT ON

        FORUM NON CONVENIENS GROUNDS ............................................................. 13

        1.   The Convenience of the Witnesses Favors Transfer to Maryland. ..................... 14

ii
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

2. Access to Proof Justifies Transfer to Maryland.................................................. 14

3. For the Convenience of Parties, This Action Should be Transferred to Maryland.............. 14

4. In the Interests of Justice, This Matter Should Be Transferred to Maryland ...................... 14

V. CONCLUSION............................................................................................................. 15

iii
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

1

## TABLE OF AUTHORITIES

2

**Cases**

3

Amerada Petroleum Corp. v. Marshall, 381 F.2d 661**,** 663 (5th Cir. 1967) ............................... 12

4

Bancroft & Masters, Inc., 223 F.3d at 1086.................................................................................... 8

5

Barrett v. Catacombs Press, 44 F.Supp.2d 717 (E.D. Pa. 1999)..................................................... 9

6

Bensusan Restaurant Corp. King, 126 F.3d 24 (2nd Cir. 1997) ...................................................... 9

7

Brand v. Menlove Dodge, 796 F2d 1070, 1073, (9th Cir. 1986)..................................................... 9

8

Budget Rent A Car Corp v Miljack, Inc, 760 F. Supp. 135, 136 (ND Ill 1991)............................ 13

9

Calder v. Jones, 465 U.S. 783 (1984) ............................................................................................ 10

10

Crowley Cutlery Co. v. U.S., 849 F.2d 273 (7th Cir. 1983)........................................................... 12

11

Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416 (9th Cir. 1997)................................... 8, 9, 10

12

Davis v. Metro Prod., Inc., 885 F.2d 515, 520 (9th Cir. 1989)...................................................... 10

13

E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994).................................. 14

14

Green v. Mansour, 474 U.S. 64, 72 (1985).................................................................................... 11

15

Gribin v. Hammer Galleries, 793 F. Supp. 233, 234-35 (C.D. Cal. 1992) ................................... 12

16

GTE New Media Servs., 199 F.3d at 1349-50................................................................................ 10

17

Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986)................................................................. 11

18

Hanes Corp. v. Millard, 531 F.2d 585, 593 (D.C. Cir. 1976 ........................................................ 12

19

Hanson v. Denckla, 357 U.S. 235, 250-51 (1958) ........................................................................... 8

20

Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & nn. 8-9 (1984) ................. 8

21

Heathmount A.E. Corp. v. Technodome.com, 22 Fed. Appx. 344 (2000)………………………………9

22

Hornell Brewing Co. v. Rosebud Sioux Tribal Court, 133 F.3d 1087 (8th Cir. 1998)............................. 9

23

International Shoe Co. v. Washington, 326 U.S 310, 316 (1945) .................................................... 8

24

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) ................................................... 8

25

Koch Engineering Co, Inc v Monsanto Co, 621 F. Supp. 1204, 1208 (ED MO 1985) .......................... 13

26

Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1276 (10th Cir. 1989) ....................................... 12

27

Los Angeles Memorial Coliseum Comm'n v. National Football League, 89 F.R.D. 497, 499 (C.D. Cal.

28

   1981) .......................................................................................................................................... 14

iv
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

Los Angeles Memorial Coliseum Comm'n v. National Football League, 89 F.R.D. 497, 501 (C.D. Cal. 1981) ................................................................................................................................ 15

Millennium Enters., Inc. v. Millennium Music, LP, 33 F.Supp.2d 907, 910-24(D. Or. 1999) ................. 9

Mink v. AAAA Development LLC, 190 F.3d 333 (5th Cir. 1999) ........................................................ 9

Perry v. RightOn.com, 90 F.Supp.2d 1138 (D. Or. 2000) ................................................................... 9

Rio Properties, Inc. v. Rio Int'l Interlink 284 F.3d 1001, 1019 (9th Cir. 2002) .................................. 8

Soma Medical Intern. v. Standard Chtd. Bank, 196 F.3d 1292 (10th Cir.1999) ................................. 9

Ven-Fuel. Inc. v. Department of the Treasury, 673 F .2d 1194, 1195 (11th Cir. 1982) ............... 11, 12, 13

Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994) ........................................................ 12

Watson v. Commonwealth Insurance Co., 8 Cal. 2d 61, 68, 63 P.2d 295, 298 (1936) ......................... 11

Winfield Collection, Ltd. v. McCauley, 105 F.Supp.2d 746 (E.D. Mich. 2000)...................................... 9

Zippo Mfg. Co v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D. Pa. 1997) ...................................... 9

Statutes

28 U.S.C. § 1391(d) ....................................................................................................................... 15

28 U.S.C. § 2201(a) ................................................................................................................... 1, 12

28 U.S.C.A. Section 1404.............................................................................................................. 2

28 U.S.C. Section 1404(a) ........................................................................................................... 1

28 U.S.C. Section 2201 ............................................................................................................... 1

29 U.S.C. § 1404(a) .................................................................................................................... 15

Federal Rules of Civil Procedure 12(b)(2)................................................................................... i, 8

v
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

## NOTICE OF MOTION

To all parties and their counsel of record herein, please take notice that on August 1, 2003, defendants ALS Scan, Inc. and Alex Kirn will move the Court for the following:

1.     To dismiss this action against them pursuant to F.R.C.P Section 12(b)(2) for lack of personal jurisdiction, or, in the alternative;

2.     To dismiss this action against them pursuant to the Court's discretion to entertain declaratory relief actions under 28 U.S.C. § 2201(a), or, in the alternative;

3.     To transfer this action to the Maryland District Court, where an action involving all of these same parties and encompassing the same issues is pending (Maryland District Court Case No. L03CV1028) on forum non conveniens grounds pursuant to 28 U.S.C. 1404(a).

The grounds for this Motion are that defendants ALS and Kirn lack minimum contacts with the State of California such that exercise of jurisdiction over them would be fair and reasonable. Accordingly, this declaratory relief action should be dismissed pursuant to F.R.C.P. 12(b)(2).  This action should also be dismissed pursuant to the Court's discretion to entertain declaratory relief actions under 28 U.S.C. §2201 because it is an improper anticipatory litigation which will be more properly and comprehensively resolved by the pending Maryland Action.  Finally, absent dismissal, this action should be transferred on forum non conveniens grounds because none of the parties reside or undertake business in the State of California and the vast majority, if not all, of the witnesses and evidence are located in Maryland.

This Motion is based on this notice, the attached memorandum of points and authorities, the attached declarations of Alex Kirn, Robert Lombardo, Sarah Kiwak, Amy LaPerle, and Owen Seitel, the files and records of this matter and upon such evidence and argument presented to the Court.


Dated: June 26, 2003                          IDELL, BERMAN & SEITEL


                                              By:_____/s/ Owen Seitel_____
                                                 Owen Seitel, Esq.
                                                 Attorneys for Defendants ALS SCAN, INC., ALEX
                                                 KIRN, APIC WORLD-WIDE, INC. and STEVE
                                                 EASTON

vi
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     STATEMENT OF ISSUES:**

     a.     Whether this action as against ALS Scan, Inc. and Alex Kirn should be dismissed Pursuant to F.R.C.P 12(b)(2) for lack of personal jurisdiction.

     b.     Whether, in the Court's discretion under the Declaratory Judgment Act (28 U.S.C. § 2201), the Court should entertain this request for declaratory relief.

     c.     Whether, pursuant to 28 U.S.C. Section 1404(a), for the convenience of parties, witnesses and in the interest of justice, the Court should transfer this action to the Maryland District.

**II.    SUMMARY OF ARGUMENT:**

     None of the parties to this action reside in or direct their activities to the state of California.  Both plaintiffs – Global Innovations, Inc. ("Global") and Ramsey Lamerson ("Lamerson") – reside in and conduct their business from the State of Maryland.  Defendants ALS Scan, Inc. ("ALS") and Alex Kirn ("Kirn") (incorrectly identified by plaintiff as Wayne) also reside and conduct business ***entirely*** from the State of Maryland.  The only significant connection of this case to the State of California is plaintiffs' counsel, Charles Carreon, who happens to be a member of the California (but not the Maryland) bar.  Upon learning of the defendants' imminent intention to file action against Global and Lamerson in Maryland, Mr. Carreon filed this declaratory relief action in California.  By this motion, defendants ALS and Kirn seek dismissal of this action pursuant to F.R.C.P. 12(b)(2) for lack of personal jurisdiction.  ALS and Kirn lack the requisite minimum contacts with this forum to justify the Court's exercise of personal jurisdiction over them.

     Alternatively, moving defendants seek dismissal of this action pursuant to the Court's discretion to entertain declaratory relief actions.  This action is an improper anticipatory suit, hastily filed in order to forum shop, and not worthy of the Court's resources.  Pursuant to 28 U.S.C. § 2201(a) the Court should exercise its discretion and refuse to entertain this matter because it is an improper anticipatory litigation, no useful purpose will be served in clarifying the legal relations at issue, and this action will not entirely terminate the controversy between the parties.

     As an alternative to dismissal, this Motion seeks transfer of this action to the Maryland District Court, where an action involving all of these same parties and encompassing the same issues is pending

1
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

(Maryland District Court Case No. L03CV1028).  This alternative relief is sought on forum non

conveniens grounds pursuant to 28 U.S.C.A. Section 1404(a),  in light of the fact that the two plaintiffs

and these two moving defendants along with virtually all of the witnesses and evidence are located in

Maryland.

## III.    BACKGROUND FACTS.

### A.    The Parties.

#### 1.    Defendants ALS Scan and Alex Kirn

Defendant ALS is a Maryland corporation formed in 1996 with its only place of business in

Columbia, Maryland (Declaration of Alex Kirn, hereinafter "Kirn Declaration"; ¶¶2-3).  ALS maintains

up to date corporate records, maintains bank accounts in Maryland in the corporate name and files

annual tax returns in the corporate name (Kirn Declaration, ¶4).  ALS is not incorporated, is not

qualified to do business, has no subsidiaries or branch offices, no bank accounts, property, telephone

listings or mailing addresses in California.  ALS has no officers, directors, or employees residing or

domiciled in California nor has it contracted with persons in California to act on its behalf with respect

to marketing, distributing or servicing any of its goods, services, or products (Kirn Declaration, ¶6).

ALS does not direct any of its advertising specifically toward California residents or businesses, nor

does it advertise in any publications that are directed primarily toward California residents or businesses

(Kirn Declaration, ¶9).  None of ALS' employees have attended business conferences or similar

functions within the state of California on behalf of ALS (Kirn Declaration, ¶10).

Defendant Alex Kirn is an individual resident of Ellicot City, Maryland and is the primary

shareholder and CEO of ALS.  Kirn and ALS maintain separate bank accounts in the state of Maryland

and have filed separate tax returns since the formation of ALS.  Kirn has not visited the State of

California for any reason whatsoever during the entire course of his adult life (Kirn Declaration, ¶11).

ALS was served with this action at its corporate headquarters in Columbia, Maryland; Kirn was served

at his home in Ellicot City, Maryland.

ALS is primarily engaged in the business of publishing a well known and successful adult

website *http://www.alsscan.com* ("ALS Site") which receives two million unique visitors each month.

The ALS Site is subscription based; consumers 21 years of age or older may purchase a subscription

2
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

providing access to content on the ALS Site.  Upon payment of a monthly fee and acceptance of ALS'

terms of use, consumers are issued a password which allows them "inside" the ALS Site, where they

may view thousands of ALS copyrighted photographs (Kirn Declaration, ¶¶12-15).

ALS invests substantial sums of money, time, effort and creative talent producing its copyrighted

works for display to ALS subscribers (Kirn Declaration, ¶17).  Over the years, ALS has built a valuable

business and enviable reputation by reason of the distinct styling and quality of its original photographs

which are widely identified in the minds of the purchasing public with ALS (Kirn Declaration, ¶19).

ALS also spends significant sums of money protecting its copyrighted materials (Kirn Declaration, ¶19).

ALS currently has five full-time employees, all of whom work at ALS' Maryland office in the state of

Maryland (Kirn Declaration, ¶20).

All of ALS' copyrighted images have a Certificate of Registration issued by the United States

Copyright Office and contain ©, the name "ALS Scan" and the copyright year, or some other *indicia* of

ALS' ownership (Kirn Declaration, ¶15).  ALS is the owner of the valuable and well-known ALS

SCAN trademark, under which its services are provided (Kirn Declaration, ¶16).

### 2.  The Plaintiffs, Ramsey Lamerson and Global Innovations, Inc.

Ramsey Lamerson operates Global Innovations, Inc. from his parents' home in Walkersville,

Maryland (Lombardo Declaration ¶30).  Mr. Lamerson has registered many domain names and operates

and presents them as if each was a separate legal entity.  In reality, Lamerson controls all of them, either

by himself or with cohorts.  Among the domain names registered and controlled by Lamerson are:

bannerstat.net, globali.net, globalinnovations.net, shoutcasting.com, shoutcasting.net, pornblocks.net,

pornblocks.com, adultbannerstat.net, adultbannerstat.com, motelhooker.com, eroticcelebs.com,

quibba.net, quibba.com, porndistro.com, porndistro.net, bannerstats.com, sexblocks.com, clean-

drive.com, clean-drive.net, sexblocks.net, peta-news.com, petanews.net, peta-news.net, and

bannerstats.net (Lombardo Declaration ¶10).

Mr. Lamerson's scam works as follows:  Infringing adult images are posted on one of the

Lamerson-controlled websites, free to view by anyone with access to the WorldWideWeb.  Via the

Internet, and with the assistance of Lamerson and his cohorts, word spreads with exponential speed that

3
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

free adult images can be viewed at a particular URL[1].  Soon a large volume of traffic is coming to the particular Lamerson-controlled URL illegally displaying these copyrighted images.  Eventually the copyright owner of these images learns of their unauthorized display, issues a Digital Millennium Copyright Act ("DMCA") notice advising the listed website contact and its carrier that the site contains infringing images, and requests that the infringing website pages be terminated (commonly known as a DMCA "take-down notice") (Lombardo Declaration ¶12).[2]

In this scenario, Mr. Lamerson gladly receives these DMCA notices, shuts down the web pages with infringing images and redirects the large volume of traffic coming to that page to advertisers or sponsors willing to pay for traffic.  For example, a DMCA take-down notice would be sent by the owner or owner's agent relating to images illegally displayed on Lamerson's www.sexblocks.com website.  Lamerson responds anonymously from support@sexblocks.com stating that the infringing images had been removed.  He would also respond from his ramsey@globali.net e-mail address stating that the take-down notice had been forwarded on to the "Sexblocks.com Legal Staff" and the issue had been resolved.  The images on that specific URL, e.g. www.sexyblocks.com/terri/terri3.htm, would be removed and, thereafter, Lamerson "sells" the traffic going to that webpage to another party willing to pay for traffic.  Under the assertion that his www.globali.net site is a "Service Provider," Lamerson claims the benefit of the safe harbor provision of the DMCA[3] to shield Global from liability for the online infringement of sexyblocks.com, which is carried by Global.

**B.      The Negotiations**

ALS first became aware of Global in July of 2001.  At that time, ALS learned that Global owned and operated two websites, www.pornblocks.com and www.sexblocks.com, that were copying and displaying ALS' copyrighted images and using ALS trademark to draw Internet traffic to those websites.

---

[1] Uniform Resource Locator.  A specific "Address" on the internet, e.g. www.findlaw.com/11stategov refers to a specific web page on the findlaw.com website.

[2] Under the DMCA, pursuant to 17 U.S.C. §512(c)(3), when a copyright owner or agent thereof discovers infringing material on a service provider's service, it may send the provider a notice demanding the removal or blocking of that material.  If the provider posts an infringement policy, the notice is proper, and the provider promptly complies, the provider remains exempt from liability to the copyright owner.  In addition, the provider is then generally exempt from liability to the person who posted the material taken down or blocked.  Among other bases, a service provider is exempt from liability in the above scenario if the service provider is merely transmitting (is merely a conduit) the material posted on the provider's system by another.  This is commonly known as the Service Provider's "Safe Harbor" provision under the DMCA.

[3] 17 U.S.C. §623(c)

1  ALS' counsel sent a cease and desist letter to Verio, Inc., the Internet Service Provider ("ISP") for the

2  sites, as well as to the "legal" departments of both Global and Pornblocks.  All the images were

3  promptly removed and no further action was taken by ALS (Lombardo Declaration ¶6).

4         Lamerson and Global again came to the attention of ALS in January of 2003, when ALS was

5  contacted by defendant Steve Easton of APIC, a Florida-based organization ALS contracted with to

6  assist in the online policing of its copyrights, and advised that a massive amount of copyright

7  infringement of ALS' works was taking place on Global's system.  At that time, a handful of websites

8  carried by Global were violating hundreds of ALS' copyrights on a daily basis.  Upon review it was

9  determined that all these violating websites carried on Global's system used false information to register

10  their web sites (Lombardo Declaration ¶7).

11         In February of 2003, two websites, www2.smuthosters.com and www.sexyfiber.com, were

12  displaying hundreds of ALS' copyrighted photographs that had just recently been released in the

13  "members" section of the ALS website.  At the request of ALS, APIC sent out hundreds of cease and

14  desist notices to Global, "Caf Webhosting and Technology" and "IBRH."[4]  In almost every case, the

15  URLs were removed and replaced shortly thereafter with different URLs on the same website displaying

16  other copyrighted images.  Alarmed by the extent of the copyright infringement, ALS' counsel, Robert

17  Lombardo, was contacted by APIC and provided the contact information for Ramsey Lamerson, who

18  APIC understood to be Global's attorney (Lombardo Declaration ¶13).[5]

19         In February, 2003, ALS' counsel, Robert Lombardo, telephoned Global's offices, was

20  automatically directed to the "legal department," and Mr. Lamerson answered.  In the course of this

21  conversation, it became readily apparent that Mr. Lamerson was not an attorney and that Global was a

22  "one-man" operation (Lombardo Declaration ¶14).

23         Mr. Lamerson stated that his "clients" always removed the copyrighted images promptly; which

24  is all the DMCA required of Global.  But Lamerson refused to provide the names of the contact persons

25  for these "clients" of Global.  ALS' counsel then asked to speak to Global's attorney because ALS could

26

27  ───────────────────

28  [4] It was later learned that Victor Hannan operates CAF Webhosting and Technology and Chris Fernandez operates IBRH.
   [5] ALS's counsel was provided with an e-mail from Mr. Lamerson to ALS, in which the signature line read:  "Ramsey
   Lamerson, Global Innovations, Inc. Legal Department, Ph: 301-668-6350, Fx. 301-668-6224, Email: ramsey@globali.net."
   (Lombardo Declaration, ¶13).

5
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

not tolerate the continued massive violation of its copyrights on Global's system. Mr. Lamerson stated that he had a "bunch of lawyers on retainer" and would have one of them contact ALS' counsel shortly to discuss the matter (Lombardo Declaration ¶15).

ALS immediately began intensely policing Global's system for sites illegally publishing its copyrighted images and documented the unauthorized daily publication of hundreds of ALS' images on the Global System. ALS sent Global DMCA "take-down" notices relating to each infringing page, the infringing pages would be taken down, and new infringing pages would appear on the Global system immediately thereafter. By early February of 2003, the Global/Lamerson scam of using the DMCA Safe Harbor provision for Service Providers as a sword for its illegal activities became clear. On February 11, 2003, ALS' legal counsel sent Mr. Lamerson an e-mail message demanding that he desist with the copyright infringement on Global's system or ALS would seek legal recourse. ALS' counsel also informed Lamerson that no attorney had contacted ALS on Global's behalf, as promised (Lombardo Declaration ¶18).

On or about February 18, 2003, ALS' counsel was contacted by Charles Carreon who purported to be legal counsel for Lamerson and Global. The merits of the case were discussed and Mr. Carreon advised that he would talk to his clients and respond shortly. On February 20, 2003, Lombardo received a letter from Mr. Carreon which bore little relationship to the earlier telephone conversation (Exhibit "A" to Lombardo Declaration). Mr. Carreon and Mr. Lombardo continued their communications in an effort to resolve the dispute to no avail. (Lombardo Declaration, ¶19). Accordingly, on or about March 10, 2003, Mr. Lombardo informed Mr. Carreon that ALS would be filing an action in the United Stated District Court for the District of Maryland. However, Mr. Lombardo advised Mr. Carreon that he would briefly await filing because the District Court had just switched to electronic filing and there was bound to be confusion upon implementation of the policy (See Introduction to Electronic Filing Requirements and Procedures found at http://www.mdd.uscourts.gov/CMECF/cmecfInfo.htm). (Lombardo Declaration, ¶20).

Mr. Carreon offered to accept service of process for both Global and Lamerson and Lombardo advised that he would await notification of local counsel for Lamerson/Global before effecting service. Mr. Carreon assured Mr. Lombardo that local counsel in Maryland would be in contact shortly.

6
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

(Lombardo Declaration, ¶20 and Exhibit "A").

During the course of their discussions, Mr. Lombardo asked Mr. Carreon if he also represented two of the most egregious infringers of ALS copyrights on the Global System -- "Caf Webhosting and Technology" and "IBRH."  It was ALS' intention to also name these entities and/or the individuals behind them in the Maryland action.  Carreon indicated that he was in the process of being retained by these entities/individuals and that he would get back to Mr. Lombardo.  Thereafter, Mr. Carreon played a cat-and-mouse game, implying that he was about to be retained by these other defendants but not yet in a position to accept service.  (Lombardo Declaration, ¶¶27 and 28).

### C.   The Instant Lawsuit (the "California Action")

While Mr. Lombardo was finalizing the ALS complaint to initiate action in the Maryland District and waiting to hear from Mr. Carreon on the contact information for local counsel and whether or not he was representing CAF Webhosting and IBRH, Mr. Carreon filed his Complaint for Declaratory Relief on March 25, 2003.  To insure that Lamerson/Global "won the race to the court house," instead of requesting that ALS' counsel accept service on behalf of ALS or Mr. Kirn, Mr. Carreon personally served both in Maryland.  (Lombardo Declaration, ¶29)

### D.   The Action by ALS against Global Innovations *et al*. (the "Maryland Action")

On April 9, 2003, ALS filed a complaint for copyright and trademark infringement against Global Innovations, Inc., Ramsey Lamerson, Victor Hannan (CAF Webhosting), Chris Fernandez (IBRH), WilTel Communications, Equinix, Inc., and Does 1-10; Maryland District Court Action No. L03CV1028.  (A copy of the complaint filed in the Maryland District Court is attached to the Lombardo Declaration as Exhibit "C").  To date, only Mr. Hannan and Mr. Fernandez continue to evade service of process in the Maryland action.  (Lombardo Declaration, ¶32).  With both this action and the Maryland action filed, counsel for Lamerson and Global, on the one hand, and California counsel for ALS and Kirn, on the other, stipulated to a stay of activities amongst these parties in both cases pending the Court's ruling on this Motion to Dismiss/Transfer and the plaintiff's Motion to Enjoin Prosecution of the Maryland action.  (Seitel Declaration, ¶4)

## IV.   ARGUMENT

### A.   THE COURT SHOULD DISMISS THIS ACTION AGAINST ALS SCAN AND KIRN PURSUANT TO F.R.C.P § 12(B)(2).

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

1. **Plaintiff's Attempt to Assert Personal Jurisdiction Without (1) Minimum Contacts or (2) Fair Play And Substantial Justice, Violates Due Process**

The Due Process Clause of the Constitution prohibits U.S. courts from exercising jurisdiction in the absence of the combined requirements of both (1) minimum contacts and (2) fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S 310, 316 (1945).  The traditional Due Process analytic framework recognizes two kinds of jurisdiction – specific and general.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & nn. 8-9 (1984); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416 (9th Cir. 1997).  When a nonresident defendant raises a challenge to personal jurisdiction, the plaintiff bears the burden of showing that jurisdiction is proper.  Rio Properties, Inc. v. Rio Int'l Interlink) 284 F.3d 1001, 1019 (9th Cir. 2002).

Almost half a century ago, the U.S. Supreme Court recognized that "[a]s technological progress has increased the flow of commerce between States, the need for jurisdiction over nonresidents has undergone a similar increase."  Hanson v. Denckla, 357 U.S. 235, 250-51 (1958).  Even this prescient observation could scarcely contemplate the advent of cyberspace functionalities.  Jurisdictional principles are inherently rooted in notions of territoriality; the Internet, by contrast, transcends geographic boundaries.  Issues therefore have arisen as to the appropriate analytical constructs applicable to on-line communications.

a.   General Jurisdiction:  Due process principles limit the exercise of jurisdiction and protect individuals from binding judgments of a forum with which they did not establish meaningful contacts, ties, or relations.  In the most general terms, this means that the maintenance of a law suit in a given forum must not offend "traditional notions of fair play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Consonant with this principle, personal jurisdiction may be exercised over foreign persons and entities via either general or specific jurisdiction.

Concerning general jurisdiction, the analysis in the Bancroft & Masters decision by the Ninth Circuit is squarely on-point: "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence."  Bancroft & Masters, Inc., 223 F.3d at 1086 (citations omitted).  General jurisdiction may be invoked if the non-

8

resident defendant is either present in the forum or maintains sufficient continuous and systematic

contacts with the state.  Occasional contacts with California simply are not enough.  <u>Brand v. Menlove</u>

<u>Dodge</u>, 796 F2d 1070, 1073, (9th Cir. 1986) and cases cited therein.  As set forth in the Declarations

Alex Kirn and other ALS employees, the contact which both Kirn and ALS have had with California

since inception of the company are considerably less than in those cases where no general jurisdiction

was found.

     b. <u>Specific Jurisdiction</u>: Likewise, neither Defendant is subject to "specific

jurisdiction" in California.  Specific jurisdiction arises when an out-of-state defendant who has not

consented to suit in the forum has purposefully directed his activities toward the forum state, from which

the litigation arises or to which it related.  The pivotal inquiry probes whether the defendant

purposefully established minimum contacts with the forum state such that he should reasonably

anticipate being brought into its court.

  In <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414 (9th Cir. 1997), a Florida company that offered

commercial services via a passive web page allegedly infringed on the trademark of an Arizona

company that used the same name.  Applying the "minimum contacts" requirements, the Ninth Circuit

affirmed the Arizona District Court, holding that "it would not comport with 'traditional notions of fair

play and substantial justice' for Arizona to exercise personal jurisdiction over an allegedly infringing

Florida web site advertiser who has no contacts with Arizona other than maintaining a home page that is

accessible to Arizonans, and everyone else, over the Internet," <u>Cybersell</u>, 130 F.3d at 416-17.  As

recognized by many Courts throughout the United States,<sup>6</sup> mere visibility from California of a web site

that is published on a "server" computer in Maryland cannot possibly serve as a valid basis for the

---

<sup>6</sup> The prevailing trend, following the <u>GTE New Media</u> case, has been to reject the <u>Zippo Mfg. Co v. Zippo Dot Com, Inc.</u>, 952 F.Supp. 1119 (W.D. Pa. 1997) "sliding scale" analysis of jurisdiction in favor or a more traditional approach.  <u>See</u> Note, *Recent Case: Civil Procedure – D.C. Circuit Rejects Sliding Scale Approach to Finding Personal Jurisdiction Based on Internet Contact – GTE New Media Services Inc. v. Bellsouth Corp.,* 113 HARV. L. R. 1128 (2000).  The Ninth Circuit has not specifically taken a position one way or the other on the <u>Zippo</u> "sliding scale."  However, whichever line of authority is followed, in this case specific jurisdiction clearly is not present.  E.g., <u>Bensusan Restaurant Corp. King</u>, 126 F.3d 25 (2nd Cir. 1997); <u>Mink v. AAAA Development LLC</u>, 190 F.3d 333 (5th Cir. 1999); <u>Soma Medical Intern. v. Standard Chtd. Bank</u>, 196 F.3d 1292 (10th Cir.1999); <u>Hornell Brewing Co. v. Rosebud Sioux Tribal Court</u>, 133 F.3d 1087 (8th Cir. 1998); <u>Heathmount A.E. Corp. v. Technodome.com</u>, 22 Fed. Appx. 344 (2000); <u>Winfield Collection, Ltd. v. McCauley</u>, 105 F.Supp.2d 746 (E.D. Mich. 2000); <u>Perry v. RightOn.com</u>, 90 F.Supp.2d 1138 (D. Or. 2000); <u>Millennium Enters., Inc. v. Millennium Music, LP</u>, 33 F.Supp.2d 907, 910-24(D. Or. 1999); <u>Barrett v. Catacombs Press</u>, 44 F.Supp.2d 717 (E.D. Pa. 1999).

9
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

exercise of personal jurisdiction.  GTE New Media Servs., 199 F.3d at 1349-50; Cybersell, 130 F.3d
414.

At 223 F.3d 1086, Bancroft & Masters states that three-part test for specific jurisdiction:

This "specific" jurisdiction exists if (1) the defendant has performed some act or consummated
some transaction within the forum or otherwise purposefully availed himself of the privileges of
conducting activities in the forum, (2) the claim arises out of or results from the defendant's
forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Plaintiff cannot demonstrate that any of these criteria are met.

Bancroft & Masters is particularly instructive with respect to the so-called "effects" test of
Calder v. Jones, 465 U.S. 783 (1984), which so many plaintiff's attempt to stretch well beyond what was
intended.  The "express aiming" in Calder encompasses wrongful conduct individually targeting a
known forum resident.  223 F.3d at 1087.  There can be no individual targeting where the defendant did
not even know of the plaintiff's existence, let alone specifically and deliberately target the plaintiff.  Id.
at 1088, citing Cybersell, 130 F.3d at 420.  In fact, in the present case, to the extent that any of the
defendants' activities were individually targeted to plaintiffs, their target was a mere fifty miles away in
the state of Maryland, not California.

Here, both ALS and Kirn are not subject to either "specific jurisdiction" or "general jurisdiction"
in the state of California.  The Plaintiff's Complaint has utterly failed to allege and they cannot establish
proper jurisdiction over these Defendants.

## 2. Plaintiff's Attempt at Personal Jurisdiction Over Kirn Via the Alter Ego Doctrine Should Be Disregarded

Even if the Court finds personal jurisdiction over ALS, Kirn is protected by the "fiduciary
shield" doctrine since all of his actions were made in his capacity as an officer and employee of ALS.
An employee or officer of a corporation will not be held liable for their employer's activities simply by
virtue of their association. See Davis v. Metro Prod., Inc., 885 F.2d 515, 520 (9th Cir. 1989).  Indeed,
Plaintiffs do not argue that Kirn had any personal contacts with California.

Nonetheless, plaintiffs argue that ALS' attenuated contacts with California support the exercise
of jurisdiction over Kirn who has not stepped foot in the state in his adult life (Kirn Declaration ¶11).

To apply the alter ego doctrine, the court must determine (1) that there is such unity of interest

10
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that failure to disregard the corporation would result in fraud or injustice.  Watson v. Commonwealth Insurance Co., 8 Cal. 2d 61, 68, 63 P.2d 295, 298 (1936).

Here, Plaintiffs have submitted no evidence that ALS was Kirn's alter ego. Plaintiffs point to no evidence showing that ALS is undercapitalized, that corporate formalities are not observed, that Kirn intermingled his personal funds with ALS' funds, and that ALS was nothing more than a "corporate shell" for Kirn's sole proprietorship.  Based on this, the plaintiffs have not made a sufficient prima facie showing of personal jurisdiction over Kirn.

## B.    THIS COURT SHOULD DECLINE TO ENTERTAIN THIS SUIT BY DEFERRING TO THE MARYLAND COURT EVEN THOUGH THIS DECLARATORY RELIEF ACTION WAS FILED FIRST.

The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a).  A court ordinarily will grant declaratory relief if doing so would (1) serve a useful purpose in clarifying the legal relations at issue; or (2) terminate uncertainty, insecurity, and controversy surrounding the parties' relations.  Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986).  A district court has substantial discretion in deciding whether to entertain a declaratory judgment action, even if the action properly falls within the court's jurisdiction.  Green v. Mansour, 474 U.S. 64, 72 (1985) (The statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant").

### 1.    This Action is an Improper "Anticipatory" Lawsuit.

The rule that declaratory relief lawsuits filed purely in anticipation of future litigation to secure a choice of forum are not entitled to judicial deference (even as against a subsequently-filed action) is well-settled in the Ninth Circuit.  Because of the strong public policy against preemptive forum shopping, "one equitable consideration in such decision is whether the declaratory judgment action was filed in apparent anticipation of [another] pending proceeding."  Ven-Fuel. Inc. v. Department of the Treasury, 673 F .2d 1194, 1195 (11th Cir. 1982).    "The Declaratory Judgment Act should not be used

to 'deprive the plaintiff of his traditional choice of forum and timing, . . . provoking a disorderly race to the courthouse.'" Gribin v. Hammer Galleries, 793 F. Supp. 233, 234-35 (C.D. Cal. 1992) (citing Hanes Corp. v. Millard, 531 F.2d 585, 593 (D.C. Cir. 1976)).  Therefore, a party may not file a declaratory relief action merely to assert what it ordinarily would raise as defenses in another pending action.  Id. at 235.  Generally a suit is anticipatory when the plaintiff filed its suit upon receipt of specific, concrete indications that a suit by the defendant was imminent."  Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994).   "A court may also relax the 'first to file' rule if the balance of convenience weighs in favor of the later-filed action."  Id.

Plaintiffs did not face the type of uncertainty that the Declaratory Judgment Act contemplates, nor did it need this declaratory action to settle legal relations.  Plaintiffs knew with certainty that ALS would file its suit in Maryland in short order and, therefore, did not need relief from the uncertainty engendered by a party who continually threatened litigation, but delayed in bringing suit.

Far from seeking to resolve uncertainty and settle legal relations (both of which could and should have been done in Maryland), Plaintiffs simply wanted to wrest the choice of forum away from ALS. Ven-Fuel, 673 F.2d at 1195 (finding forum shopping where Plaintiff filed a declaratory suit one day after being told of an imminent action, and one week before the action was filed); Amerada Petroleum Corp. v. Marshall, 381 F.2d 661, 663 (5th Cir. 1967) (finding forum shopping where a declaratory suit was filed forty days before the other action that Plaintiff knew would commence).  Thus, "Plaintiff[s] [have] artfully filed this action as a preemptive maneuver in anticipation of [their] defense and in order to seize a California forum . . . ." Gribin, 793 F. Supp. at 237.  This Court should not countenance such preemptive forum shopping.

### 2.    Allowing this action to proceed serves no useful purpose.

The exercise of the discretion to refuse to grant declaratory relief is particularly appropriate when another pending action will dispose of all controverted issues and when relief is sought in anticipation of the resolution of the issue in a court of coordinate jurisdiction.  Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1276 (10th Cir. 1989) ("A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding); Crowley Cutlery Co. v. U.S., 849 F.2d 273 (7th Cir. 1983) (decision of Illinois

12
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

district court to dismiss declaratory relief action proper where similar issues before Eighth Circuit); <u>Ven-Fuel. Inc.</u>, 673 F .2d at 1195 ("in its discretion, a district court may decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties.").

The action now pending in Maryland makes clear that the instant lawsuit is merely one piece of a much larger picture, as not only are key defendants absent in this litigation, but Lamerson's affiliates or alter egos –Hannon and Fernandez -- are not parties to this action. Therefore, the infringement action in Maryland is broader than this declaratory suit. <u>Koch Engineering Co, Inc v Monsanto Co</u>, 621 F. Supp. 1204, 1208 (ED MO 1985)("This court must also consider which of the two actions will best serve the needs of the parties by providing a comprehensive solution to the entire controversy."); <u>Budget Rent A Car Corp v Miljack, Inc</u>, 760 F. Supp. 135, 136 (ND Ill 1991)("Here, the better alternative is to allow the Oklahoma action to proceed. The broader relief requested by CRLA in the Oklahoma suit would certainly address the relief sought by Budget in this action"). The Maryland litigation will effectively settle the legal relations at issue. Granting declaratory relief would serve no useful purpose and would be inappropriate even in the absence of forum shopping.

The Plaintiffs do not face questions about past, present, or future conduct that the pending Maryland litigation could not settle. Questions about the legality of any continuing copyright infringement could be resolved in Maryland. Also, the arguments that Plaintiffs seeks to advance in the instant case could be raised as counterclaims or defenses in Maryland. The pending Maryland action will settle the legal relations at issue and dispel uncertainty about the plaintiffs' conduct.

## C. THE COURT SHOULD TRANSFER THIS MATTER TO THE MARYLAND DISTRICT ON FORUM NON CONVENIENS GROUNDS.

The most appropriate jurisdiction for resolving this dispute is the U.S. District Court for the District of Maryland. 29 U.S.C. § 1404(a), governing transfer of venue, states that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." For purposes of venue, this case clearly "could have been brought" in the Maryland District. <u>See</u>, 28 U.S.C. § 1391(d). Moreover, for purposes of jurisdiction and venue, both defendants (<u>and, in fact, both plaintiffs</u>) can be "found" only in the Maryland District. It is undisputed that the plaintiffs could have initially sued defendants in Maryland.

13
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

The relevant factors in assessing a motion to transfer under § 1404(a) are: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  <u>Los Angeles Memorial Coliseum Comm'n v. National Football League</u>, 89 F.R.D. 497, 499 (C.D. Cal. 1981).  These factors break down to a number of relevant considerations: convenience of the witnesses, convenience of the parties, relative ease of access to proof, judicial economy, and availability of compulsory process**.**  *See* <u>E. & J. Gallo Winery v. F. & P. S.p.A.</u>, 899 F. Supp. 465, 466 (E.D. Cal. 1994).  Each of these factors overwhelmingly favors transfer of this action to Maryland.

### 1.   <u>The Convenience of the Witnesses Favors Transfer to Maryland.</u>

Both of the plaintiffs and two of the defendants have their residences and principal places of business in Maryland (Lombardo Declaration ¶¶30, 33) (Kirn Declaration, ¶¶2, 22-23).  By contrast, none of the parties to this lawsuit can be "found" in the Northern District of California.  All relevant documents and all knowledgeable employees are located in Maryland (LaPerle Declaration, ¶3) (Kiwak Declaration, ¶¶2-3).  All ALS employees work in the ALS office in Maryland (Kiwak Declaration, ¶3).  The District of Maryland is therefore best suited to render full and final resolution of the legal issues.

ALS' employees would be key witnesses and it would be a burden for them to travel to California.  Further, it is logical to assume that Lamerson, a Maryland resident, will be a witness.  Thus, the convenience of the witnesses factor tips in favor of transferring the action.

### 2.   <u>Access to Proof Justifies Transfer to Maryland</u>.

All relevant documents are located in Maryland. ALS' copyrighted works and copyright certificates, correspondence and all other related physical materials are in Maryland (LaPerle Declaration, ¶3).  The activities giving rise to this litigation occurred in Maryland and all of the evidence remains in that district.  Access to proof suggests transfer to the District of Maryland.

### 3.   <u>For the Convenience of Parties, This Action Should be Transferred to Maryland</u>.

It is uncontroverted that Lamerson and Global reside and conduct their business in Maryland.  Likewise, ALS and Kirn reside and conduct business from Maryland (Kirn Declaration, ¶¶2, 22-23).  Indeed, no party to this action is in California.  Accordingly, this factor supports transferring the action to the District of Maryland.

### 4.   <u>In the Interests of Justice, This Matter Should be Transferred to Maryland</u>.

14
NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW

In its determination of whether to transfer a case pursuant to 28 U.S.C. § 1404(a), a district court may consider which forum will provide a "speedier trial." Los Angeles Memorial Coliseum Comm'n v. National Football League, 89 F.R.D. 497, 501 (C.D. Cal. 1981). Based on all of the above-noted factors, transfer to the District of Maryland is in the interests of justice because it would make trial of this more expeditious and less expensive. Moreover, Maryland has a stronger interest than California in protecting the interests of persons and businesses residing in that state.

## V.   CONCLUSION

Defendants ALS and Kirn lack minimum contacts with the State of California such that exercise of jurisdiction over them would be fair and reasonable. Accordingly, this declaratory relief action should be dismissed pursuant to F.R.C.P. 12(b)(2). This action should also be dismissed pursuant to the Court's discretion to entertain declaratory relief actions under 28 U.S.C. §2201 because it is an improper anticipatory litigation which will be more properly and comprehensively resolved by the pending Maryland Action. Finally, absent dismissal, this action should be transferred on forum non conveniens grounds because none of the parties reside or undertake business in the State of California and the vast majority of the witnesses and evidence are located in Maryland.

Dated: June 26, 2003                    IDELL, BERMAN & SEITEL


                                        By:  _____/s/ Owen Seitel _____
                                        Owen Seitel, Esq.
                                        Attorneys for Defendants ALS SCAN, INC., ALEX KIRN,
                                        APIC WORLD-WIDE, INC. and STEVE EASTON

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO
THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a)); MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
Case No. C03-1277 JSW