OWEN SEITEL (SBN 137365)
RICHARD J. IDELL (SBN 069033)
IDELL, BERMAN & SEITEL
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for Defendants
ALS SCAN, INC., WAYNE KIRN,
APIC WORLD-WIDE, INC. and
STEVE EASTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL INNOVATIONS, INC., a Maryland corporation, and RAMSEY LAMERSON, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>ALS Scan, Inc., a Maryland corporation, WAYNE KIRN, an individual, APIC WORLD-WIDE, INC., a Florida corporation and STEVE EASTON, an individual,<br><br>        Defendants. | Case No.: C03-1277 JSW<br><br>**DECLARATION OF SARAH KIWAK IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2)); OR IN THE ALTERNATIVE TO DISMISS PURSUANT TO THE COURT'S DISCRETION UNDER 28 U.S.C. §2201; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 USC §1404(a))**<br><br>Date: August 1, 2003<br>Time: 9:00 a.m.<br>Courtroom: 2, 17th Floor<br>Honorable Judge Jeffrey S. White presiding |

    I, Sarah Kiwak, do state as follows under penalty of perjury:

    1.    I am over the age of eighteen years and am competent and authorized to make this declaration; which I make voluntarily and freely based on my own personal knowledge of all matters stated herein. I have personal knowledge of all matters stated herein and if called as a witness, I could testify competently regarding the matters stated.

1

DECLARATION OF SARAH KIWAK IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2)); OR IN THE ALTERNATIVE TO DISMISS PURSUANT TO THE COURT'S DISCRETION UNDER 28 U.S.C. §2201; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 USC §1404(a))

Case No. C03-1277 JSW

2. I am employed as the Director of Operations for ALS SCAN, INC. ("ALS"), at its office in Columbia, Maryland. I am responsible for the day-to-day operations of ALS. I have been employed by ALS since 1997.

3. As part of my duties I am responsible for all the advertisement activities of ALS, maintenance of financial records and human relations/resources activities. ALS currently has five full time employees; all working at its offices in Columbia, Maryland.

4. ALS does not now have and never has had employees residing or domiciled in California. ALS has not contracted with persons in California to act on its behalf with respect to marketing, distributing or servicing any of its goods, services, or products. As well, to my knowledge, ALS does not generate any advertising revenue from a company or individual domiciled in the state of California.

5. ALS has no office or any facilities in California, and has no telephone listings or mailing address in California.

6. ALS has no bank accounts or other tangible personal or real property located in California.

7. ALS does not direct any of its advertising specifically toward California residents or businesses, nor does it advertise in any publications that are directed primarily toward California residents or businesses.

8. Most of ALS's revenue is generated through membership fees for access to the www.alsscan.com Web site. I would estimate that 95% of ALS' revenues are derived through sign-ups and sales completed automatically through the Internet. Those wishing to become members of the website must provide a credit card number which is then automatically verified by a "credit card processing" company. ALS does not keep records of where its members reside but membership is available to anyone, over the age of 21, throughout the world.

9. In March of 2001, before Amy LaPerle was hired at ALS, I personally witnessed ALS' copyrighted images being displayed on the www.sexblocks.com website. I did not need a password to gain access to the website and it was available for anyone to view. I determined that Ramsey Lamerson was the owner and operator of the www.sexblocks.com website and sent him a cease and desist notice.

2

DECLARATION OF SARAH KIWAK IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2)); OR IN THE ALTERNATIVE TO DISMISS PURSUANT TO THE COURT'S DISCRETION UNDER 28 U.S.C. §2201; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 USC §1404(a))

Case No. C03-1277 JSW

Mr. Lamerson responded to that notice and the images were removed from his website. (Attached hereto as Exhibit A is a true and correct copy of that correspondence.)

10. I have not been to the state of California while I have been employed at ALS.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 20, 2003.

*/s/ Sarah Kiwak*

Sarah Kiwak

3

DECLARATION OF SARAH KIWAK IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2)); OR IN THE ALTERNATIVE TO DISMISS PURSUANT TO THE COURT'S DISCRETION UNDER 28 U.S.C. §2201; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 USC §1404(a))

Case No. C03-1277 JSW