OWEN SEITEL (SBN 137365)
RICHARD J. IDELL (SBN 069033)
IDELL, BERMAN & SEITEL
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for Defendants
ALS SCAN, INC., WAYNE KIRN,
APIC WORLD-WIDE, INC. and
STEVE EASTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL INNOVATIONS, INC., a Maryland corporation, and RAMSEY LAMERSON, an individual,<br><br>    Plaintiff,<br><br>  vs.<br><br>ALS Scan, Inc., a Maryland corporation, WAYNE KIRN, an individual, APIC WORLD-WIDE, INC., a Florida corporation and STEVE EASTON, an individual,<br><br>    Defendants. | Case No.: C03-1277 JSW<br><br>**DECLARATION OF ALEX KIRN IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2)); OR IN THE ALTERNATIVE TO DISMISS PURSUANT TO THE COURT'S DISCRETION UNDER 28 U.S.C. §2201; OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 USC §1404(a))**<br><br>Date: August 1, 2003<br>Time: 9:00 a.m.<br>Courtroom: 2, 17th Floor<br>Honorable Judge Jeffrey S. White presiding |

I, Alex Kirn, do state as follows under penalty of perjury:

1. I am the Chief Executive Officer of ALS SCAN, INC. ("ALS"), and I have personal knowledge of all matters stated herein. If called as a witness, I could testify competently regarding the matters stated.

1

2.      ALS is a corporation organized and existing under the laws of the State of Maryland with its only place of business in Columbia, Maryland.

3.      ALS regularly maintains and updates all necessary corporate records and filings.  I have personal knowledge of the status of the corporate records of ALS, which was formed in the state of Maryland in 1996.  At the time of this declaration, ALS is in good standing and licensed in Maryland.

4.      ALS maintains up to date corporate records, maintains bank accounts in the corporate name and files tax returns in the corporate name.  ALS is not incorporated in California; nor has it qualified to do business in California.  ALS has no subsidiaries incorporated or qualified to do business in California.

5.      ALS has no officers or directors residing or domiciled in California.

6.      ALS has no employees residing or domiciled in California nor has it contracted with persons in California to act on its behalf with respect to marketing, distributing or servicing any of its goods, services, or products.

7.      ALS has no branch office or comparable facilities in California, and has no telephone listings or mailing address in California.

8.      ALS has no bank accounts or other tangible personal or real property in California.

9.      ALS does not direct any of its advertising specifically toward California residents or business, nor does it advertise in any publications that are directed primarily toward California residents or businesses.

10.      None of ALS's employees has attended business conferences or similar functions within the state of California.

11.      I have personally never even set foot in the state of California for any reason whatsoever.

12.      ALS is primarily engaged in the business of publishing a the well known and successful adult website *http://www.alsscan.com* which receives two million unique visitors each month.

13.      The ALS Site is subscription based.  In other words, consumers who are 21 years of age or older may purchase access to content on the ALS Site in exchange for the payment of a membership fee.

DECLARATION OF ALEX KIRN IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2)); OR IN THE
ALTERNATIVE TO DISMISS PURSUANT TO THE COURT'S
DISCRETION UNDER 28 U.S.C. §2201; OR IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 USC §1404(a))
Case No. C03-1277 JSW

14.     All of ALS' copyrighted images have a Certificate of Registration issued by the United States Copyright Office and contain ©, the name "ALS Scan" and the copyright year, or some other *indicia* of ALS' ownership.  These Copyright Registrations are valid and subsisting.

15.     ALS is the owner of the valuable and well-known ALS SCAN trademark.  This mark is used by ALS in connection with the sale of its copyrighted products.  ALS has spent millions of dollars advertising and promoting the ALS SCAN® mark and has sold millions of dollars of products and services under the ALS SCAN® mark.  ALS has built up and now owns valuable goodwill symbolized by the ALS SCAN® trademark. (Attached hereto as Exhibit B is a true and correct copy of the Certificate of Registration issued by the United States Patent and Trademark Office.)

16.     ALS has invested, and continues to invest, substantial sums of money, as well as time, effort and creative talent, to produce its copyrighted works.  In order to produce such works, ALS must make numerous payments including model, photographer, location, styling, make-up, film, processing, travel, public relations, legal, and advertising expenditures.  ALS is compensated for its creative efforts and monetary investments largely from subscription fees to its website.

17.     ALS has expended large sums of money in the establishment and maintenance of a photography department for the creation of its original pictures, and its staff has created thousands of new and original pictures.

18.     ALS has additionally expended large sums of money in advertising and promoting its products incorporating its original art work, designs, and photographs, and in building up public recognition and demand thereof; and over the years ALS has built up a valuable business and enviable reputation by reason of the distinct styling, and quality of its products, and by reason thereof, its original art work, designs, art styles, and photographs are widely identified in the minds of the purchasing public with ALS.  ALS also spent additional large sums of money protecting its copyrights to all of the pictures it creates.

19.     ALS currently has five full time employees and it would be an economic burden for ALS and its employees to travel to California in order to provide evidence and defend this lawsuit.  Director of Operations, Ms. Sarah Kiwak, runs the day to day operations of ALS, while Ms. Amy LaPerle is

3

DECLARATION OF ALEX KIRN IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2)); OR IN THE
ALTERNATIVE TO DISMISS PURSUANT TO THE COURT'S
DISCRETION UNDER 28 U.S.C. §2201; OR IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 USC §1404(a))
Case No. C03-1277 JSW

21.     I had no personal knowledge of Ramsey Lamerson or Global Innovation, Inc. until sometime in February of 2003, when they were brought to my attention by Robert Lombardo.  At that time, I was forwarded the link to two websites, www2.smuthosters.com and www.sexyfiber.com, that were displaying hundreds of photographs of ALS models that had just recently been released in the "members" section of the ALS website.  I directed Amy LaPerle to document the violations and directed Mr. Lombardo to send the persons responsible a stern cease and desist letter.  If the copyright violations continued on the websites, I authorized Mr. Lombardo to bring a legal action against the perpetrators.  I had no more involvement with the case from that point forward.

22.     I have never met or spoken to Mr. Lamerson and, therefore, when I was served with the Summons and Complaint at my residence in Ellicott City, Maryland on March 27, 2003, I had no "personal animus towards plaintiffs" as alleged in paragraph 4 of the Complaint.  Furthermore, I did not "harbor the malicious intent to cause financial injury to Global" nor did I "harbor the malicious intent to cause extreme emotional distress to Lamerson" as alleged in Paragraph 18 of the Complaint.  In fact, I had no idea what the case was about.

23.     I understand that Mr. Lamerson and Global Innovations are in either Frederick, Maryland or Walkersville, Maryland which are, in either case, less than 50 miles from the ALS offices in Columbia, Maryland.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on June 20, 2003.

_____
Alex Kirn

4

DECLARATION OF ALEX KIRN IN SUPPORT OF MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2)); OR IN THE
ALTERNATIVE TO DISMISS PURSUANT TO THE COURT'S
DISCRETION UNDER 28 U.S.C. §2201; OR IN THE ALTERNATIVE TO
TRANSFER FOR CONVENIENCE (28 USC §1404(a)
Case No. C03-1277 JSW