OWEN SEITEL (SBN 137365)
RICHARD J. IDELL (SBN 069033)
IDELL, BERMAN & SEITEL
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259
Email: oseitel@ibslaw.com

Attorneys for Defendants
ALS SCAN, INC., ALEX KIRN,
APIC WORLD-WIDE, INC. and
STEVE EASTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL INNOVATIONS, INC., a Maryland corporation, and RAMSEY LAMERSON, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>ALS Scan, Inc., a Maryland corporation, WAYNE KIRN, an individual, APIC WORLD-WIDE, INC., a Florida corporation and STEVE EASTON, an individual,<br><br>        Defendants. | Case No.: C03-1277 JSW<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (F.R.C.P 12(b)(2)), OR, IN THE ALTERNATIVE TO DISMISS PURSUANT TO THE COURT'S DISCRETION UNDER 28 U.S.C. §2201, OR, IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 U.S.C. §1404(a));**<br><br>Date:   August 1, 2003<br>Time: 9:00 a.m.<br>Courtroom 2, 17th Floor<br>Honorable Judge Jeffrey S. White presiding |

Comes now, defendants ALS Scan, Inc., and Alex Kirn, and file this Reply Brief in Support of their Motion to Dismiss for Lack of Personal Jurisdiction (F.R.C.P 12(b)(2)), or, in the alternative to Dismiss Pursuant to the Court's Discretion under 28 U.S.C. §2201, or, in the alternative to Transfer for Convenience (28 U.S.C. §1404(a)).

1

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN REPLY TO OPPOSITION TO MOTION TO DISMISS

**1.     Statement Of The Issues To Be Decided**

a.      Whether the Court must require discovery to determine whether it has personal jurisdiction over the defendants before considering and ruling on defendants' Motion for Transfer on forum non conveniens grounds and Motion to Dismiss pursuant to the Court's discretion under the Declaratory Judgments Act.

b.      Whether this action as against ALS Scan, Inc. and Alex Kirn should be dismissed Pursuant to F.R.C.P 12(b)(2) for lack of personal jurisdiction.

c.      Whether, in the Court's discretion under the Declaratory Judgment Act (28 U.S.C. § 2201), the Court should entertain this request for declaratory relief.

d.      Whether, pursuant to 28 U.S.C. Section 1404(a), for the convenience of parties, witnesses and in the interest of justice, the Court should transfer this action to the Maryland District.

**2.     Statement Of The Relevant Facts**

The relevant background facts are stated in defendants' moving papers and will not be restated here.  However, with the filing of plaintiffs' Opposition to this Motion, plaintiffs propounded discovery upon defendants with the request that the Court Order jurisdictional discovery and a continuance of this motion for almost two months pending responses to that discovery.  While moving defendants argue that such discovery and delay is not necessary for the grant of relief requested, defendant ALS, in good faith, submits herewith the Reply Declaration of Sarah Kiwak providing evidence responsive to the gist of plaintiff's relevant discovery requests.  Accordingly, the Court may, if it wishes, rule on the Motion to Dismiss for Lack of Personal Jurisdiction based on the evidentiary record sought by plaintiffs.

**3.     Argument**

Defendants, by this Motion, move to dismiss for lack of personal jurisdiction pursuant to F.R.C.P 12(b)(2), or, in the alternative to dismiss pursuant to the Court's discretion under 28 U.S.C. §2201, or, in the alternative to transfer for convenience pursuant to 28 U.S.C. §1404(a).  Plaintiffs' Opposition to this Motion speaks only to the F.R.C.P. 12(b)(6) motion and essentially disregards and concedes defendants' motion to decline this request for declaratory relief or transfer this matter to the Maryland District Court on forum non conveniens grounds.  Plaintiffs' disregard of the compelling evidence favoring transfer on

forum non conveniens grounds or discretionary dismissal under the Declaratory Judgment Act seems to be based on the assertion that these issues must be deferred until the issue of personal jurisdiction is determined.  However, plaintiffs' cite no authority in support of this proposition and the authority alluded to by plaintiffs – <u>Harris Rutsky & Co. v. Bell & Clements Limited</u>, 328 F.3d 1122 (2003) -- says nothing of the sort.

Further, the precedents cited by plaintiffs in support of their assertion of personal jurisdiction are entirely inapplicable to the present scenario.  Among other significant differences, the cases cited by plaintiffs involved residents of the State of California seeking a finding of personal jurisdiction in this state.  Here, the <u>plaintiffs are not even residents of this State</u>.  Instead, plaintiffs seek California jurisdiction based on general business relationships and on the attenuated assertion that plaintiffs have an agreement with a third party, a Delaware corporation, not a party to this action, which contains a California choice of law clause and indemnity provision.

Plaintiffs seek, more than anything else, to involve defendants in California discovery and litigation for as long as possible.  The Court should not allow this to occur and should grant dismissal or transfer of this action on the grounds requested.

### A.  <u>The Court Should Transfer this Matter on Forum non Conveniens Grounds</u>

It is uncontested that all four of the parties involved in this Motion (and plaintiffs' Motion to Enjoin Prosecution of the Maryland Action) live and work in the State of Maryland.  With this Motion, defendants have offered extensive evidence showing that the majority, if not all, of the witnesses and relevant evidence are located in the State of Maryland.  Plaintiffs have offered none.  Plaintiffs do not contest the forum non conveniens argument in any manner except to claim that the issue must be put aside until after the parties undertake discovery to determine personal jurisdiction[1].

Plaintiffs cite the <u>Harris</u> case for the apparent proposition that forum non conveniens is not to be considered until after jurisdictional discovery is completed and the personal jurisdiction question is ruled upon (Plaintiffs' Opposition, Page 8,  lines 22-24).  The <u>Harris</u> case says no such thing.  The Court in <u>Harris</u> simply ruled that, in that instance, the District Court should have allowed jurisdictional discovery prior to dismissal for lack of personal jurisdiction.  The <u>Harris</u> Court specifically notes that the forum

---

[1] In fact, on its very face, plaintiffs' Opposition addresses only defendants' Motion to Dismiss.

non conveniens issue was not addressed by the parties in the appeal. (328 F.2d at 1136). Significantly, the Harris Court states that "[e]ven if personal jurisdiction is established, a district court may decline to exercise jurisdiction on the basis of forum non conveniens if an adequate alternative forum exists, and the balance of public and private factors favors dismissal. " (328 F.2d at 1135-1136). Thus, a finding of personal jurisdiction is not a prerequisite to consideration and ruling on forum non conveniens grounds. Here an adequate alternative forum exists in the Maryland District Court, the resources of a California Court should not be used to resolve a dispute between four Maryland residents, and the parties, witnesses and evidence are in Maryland.

Even assuming, for the sake of argument, that personal jurisdiction exists in this matter, it is entirely within the Court's discretion to transfer this case to the Maryland District Court at this time on forum non conveniens grounds. The Court has uncontradicted evidence before it supporting such a transfer and this matter should be transferred on that basis alone.

The proposition that extensive jurisdictional discovery must take place, with further hearings thereon, prior to consideration of all other grounds for dismissal or transfer is without support and flies in the face of all principles of judicial economy and defeats the very purpose of the forum non conveniens doctrine. It is clear that plaintiffs' primary goal is to entangle defendants in a legal matter entirely across the country for as long as possible. There is no reason why the Court cannot and should not consider and rule on the forum non conveniens balance of public and private factors at this time.

Finally, on this issue it is important to note that defendants are not seeking dismissal on forum non conveniens grounds, they are merely seeking a transfer of this action to the Maryland District where a matter is pending involving these parties including the issues asserted by plaintiffs here and the broader claims and additional parties involved in this dispute. Thus, defendants do not seek to deny plaintiffs the opportunity to pursue their claims, they simply seek transfer to a Court ready, willing and able to resolve this dispute comprehensively.

B. Plaintiffs' Argument and Case Authority in Favor of Personal Jurisdiction in California Disregard One Crucial Fact – Not Even the Plaintiffs are Residents of This State

Plaintiffs' citation to Calder v. Jones, 465 U.S. 783 (1984) and Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082 (9th Cir., 2000) for the proposition that ALS is subject to the specific

jurisdiction of this Court fails to consider a crucial difference between the present case and those cited – here, neither plaintiff is a resident of the State in which jurisdiction over the defendants is sought. In Calder, the plaintiff, the entertainer Shirley Jones, a California resident, filed a libel action against the National Enquirer, a Florida-based publication in a California court. As the Calder Court notes:

> The allegedly libelous story concerned the California activities of a California resident. It impugned the professionalism of an entertainer whose television career was centered in California. The article was drawn from California sources, and the brunt of the harm, in terms both of respondent's emotional distress and the injury to her professional reputation, was suffered in California. In sum, California is the focal point both of the story and of the harm suffered. (Calder at Page 1486). (emphasis added).

Likewise, Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082 (9th Cir., 2000) is not supportive of the proposition advanced by plaintiffs because, unlike the present situation, the plaintiff there was a California resident. In fact, the Bancroft & Masters case, rather than supporting plaintiffs' proposition entirely supports the defendants' assertion that personal jurisdiction does not exist. As noted in defendants' opening brief, the standard for establishing general jurisdiction require that defendants' contacts be of the sort that approximate physical presence in the State. (See Bancroft & Masters, 223 F.3d at 1086). After concluding that general jurisdiction did not exist, the Bancroft & Masters Court moved on to specific jurisdiction and its discussion on that subject is most supportive of a finding of lack of specific jurisdiction in the present case:

> Subsequent cases have struggled somewhat with Calder's import, recognizing that the case cannot stand for the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction. We have said that there must be "something more," but have not spelled out what something more must be. We now conclude that "something more" is what the Supreme Court described as "express aiming" at the forum state. Express aiming is a concept that in the jurisdictional context hardly defines itself. From the available cases, we deduce that the requirement is satisfied when defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state. (Bancroft & Masters, Page 1087, citations omitted, emphasis added).

The court does not need jurisdictional discovery and a hearing thereon to conclude that neither general nor specific jurisdiction exists. It is uncontradicted that plaintiffs are not residents or

domiciliaries of California thus, to the extent that defendants "targeted" plaintiffs, they were not targeting a resident of the forum State.

### 1. The Global-Equinix Contract Has No Relevence to the Court's Determination of Personal Jurisdiction

In a desperate effort to find a connection with California and prolong litigation here plaintiffs extend the following argument: Since Global, a Maryland corporation that is not a resident and is not qualified to do business in California, has a contract with a Delaware corporation with offices in California and that agreement contains a California choice of law provision and an indemnity and defense clause, this Court has personal jurisdiction over the Maryland defendants. In response to this argument, defendants say the following:

    a. Equinix is not a party to this action, is not before the Court, and this alleged contract between Global and Equinix is not at issue here.

    b. A choice of law provision between plaintiff and a third party who is not a party to this action has no bearing on the appropriate jurisdiction in a dispute between plaintiffs and non-signatories to that agreement;

    c. The fact that, in a private contract, plaintiffs have agreed to defend and indemnify Equinix against infringement claims made by third parties does not mean that any third party making such claims is subject to personal jurisdiction in California. This is an agreement between Global and Equinix. The fact that Global has contractually agreed to indemnify and defend Equinix is all the more reason to litigate this dispute in Maryland, since Maryland is the residence of Global and, according to the contact alleged, Global alone is liable for the defense and liability resulting from such a claim.[2]

### 2. Plaintiff's "Evidence" of California Residence is Transparent

A review of the Complaint and the declarations submitted by plaintiffs will establish that no claim is made or evidence is provided showing that plaintiff Ramsey Lamerson is a resident of the State of California. That same review will also show that the bases for Global's connection to this State, much less the connection of defendants, are thin at best. Global broadly claims to "have both a physical

---

[2] Plaintiffs' argument that, as a result of its contract with Equinix it may "stand in the shoes" of Equinix is entirely misguided.

presence and solid business relationships in California, particularly in the large ISP operation centers in San Jose and Palo Alto" (Lamerson Declaration, Paragraph 4). But does Global have any employees in California? Is it registered with the Secretary of State to do business in California? Does it have a California telephone number or checking account? Does it even have a mailing address in California? After sifting through all of the "peering relationships" and "collocation facilities" and claims of revenue generation for California high tech workers, the Court will see that plaintiffs are grasping at straws. Plaintiffs' connection to the State of California are no more substantial than any random technology company anywhere in the country, if not the world. Plaintiffs should not be allowed to burden the California courts with this dispute between parties all living and working within a fifty mile radius – in Maryland.

    C. <u>The Court Has the Necessary Evidence to Order Dismissal of ALS and Kirn for Lack of Personal Jurisdiction</u>

  Plaintiffs note in the Opposition papers that they have "submitted discovery that will thoroughly smoke out the issue of ALS's [sic] jurisdictional contacts." (Opposition, Page 7, lines 27-28). In the event the Court feels it is necessary to consider discovery responses prior to ruling on any aspect of defendants' Motion, defendants have provided substantive responses to the bulk of the relevant information sought by Plaintiffs' Requests for Admissions in the Declaration of Sarah Kiwak, in support of this Reply (referred to herein as "Kiwak Reply Dec."). The evidence contained in the declaration of Ms. Kiwak in addition to the other evidence provided in support of this motion, shows that personal jurisdiction over ALS and Kirn does not exist.

  ALS has no need to know the breakdown of the physical locations of its subscribers and it has never performed such a study. ALS only refers to the email receipts generated by its third-party credit card processor when a member has problems accessing the website, typically due a mismatch in the postal zip code provided for the paying credit card (Kiwak Reply Dec., ¶¶ 6 and 11). The task of culling out ALS' California membership would be overburdensome, requiring in excess of 250 hours to complete and it would be incomplete because these records are purged periodically. (Kiwak Reply Dec. ¶ 6).

  ALS advertises on the Internet and, undoubtedly, ads are seen by people located in California as well as every other State in the country and many countries in the world. There is no way to determine

the physical location of those viewing ALS ads on the Internet. (Kiwak Reply Dec. ¶¶ 7, 10, 11). ALS has never marketed directly to California residents (Kiwak Reply Dec. ¶ 8) and, upon review of available records, ALS has not sold any advertisement space to a California business or resident in the last six months (Kiwak Reply Dec. ¶ 9). ALS does not ship physical products such as CDs, videos or DVD. In fact, ALS' distribution is entirely digital, available for download from its Maryland and Virginia servers (Kiwak Reply Dec. Paragraph 12).

Several statements in the declaration of Charles Carreon are entirely untrue, including portions of his paragraphs 14 and 15. ALS does not operate or have any interest in the website www.heartbreakers.com (Kiwak Reply Dec. ¶ 5; Carreon Dec. ¶ 14). ALS does not offer DVDs via a "distribution agreement with a Maryland company." (Kiwak Reply Dec. ¶ 15; Carreon Declaration ¶ 14). The attack, in Mr. Carreon's declaration (Carreon Dec. ¶ 15), on the declaration of Sarah Kiwak in support of the moving papers is an unsubstantiated twisting of the language of ALS's Terms of Membership and a baseless smearing of the integrity of Ms. Kiwak. Despite Mr. Carreon's personal assertions, ALS does not maintain records of where its members reside (Kiwak Reply Dec. Paragraph 18). The outrageous statements by Mr. Carreon, in an evidentiary declaration submitted to the Court, that ALS is actively "concealing" evidence with "false averments" (Carreon Dec. ¶ 16) is indicative of the underlying purpose of this action.

In short, ALS' ties to the State of California are no greater or more significant than any successful website, located anywhere in the world, that is accessible by individuals located in California.

### 4. Conclusion

Plaintiff's desperate effort to continue to harass the defendants in this anticipatory declaratory relief action is based solely on the assertion that the Court may not consider and rule on any basis for dismissal or transfer prior to allowing extensive jurisdictional discovery and further delay. This position is without support.

Plaintiffs do not contest or offer relevant counter-evidence to the request for transfer on forum non conveniens grounds. The Court should transfer this matter to the Maryland District on that basis. Likewise, plaintiffs offer no argument or substantial evidence in opposition to the evidence that this is

1  an improper anticipatory suit, not worthy of the Court's discretion under the Declaratory Relief Act.
2  The Court should dismiss on that basis.
3      Finally, even if the Court determines that the issue of personal jurisdiction must be considered
4  and resolved before consideration of the other bases for this motion, the Court has a sufficient
5  evidentiary record to rule on personal jurisdiction and dismiss on that basis at this time.
6      For all of the above reasons alone, with those stated in defendants' moving papers, this matter
7  should be dismissed or transferred to the Maryland District Court.

Dated: July 17, 2003                IDELL, BERMAN & SEITEL

By: _____ */s/ Owen Seitel* _____
Owen Seitel, Esq.
Attorneys for Defendants ALS SCAN, INC. and ALEX KIRN